Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 25 2014, 9:17 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**M. MICHAEL STEPHENSON**
**SEAN R. ROTH**
McNeely Stephenson
Thopy & Harrold
Shelbyville, Indiana

ATTORNEY FOR APPELLEE:

**SCOTT E. ANDRES**
Due Doyle Fanning, LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| INDIANA FARM BUREAU INSURANCE COMPANY, AS SUBROGEE OF REAL ESTATE TECHNOLOGIES, LLC, | ) ) ) ) | |
| Appellant, | ) ) | |
| vs. | ) ) | No. 29A02-1403-PL-136 |
| WOOD SHIELD, LLC, | ) ) | |
| Appellee. | ) ) | |

APPEAL FROM THE HAMILTON CIRCUIT COURT
The Honorable Paul A. Felix, Judge
Cause No. 29C01-1107-PL-7168

**September 25, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Chief Judge**

**Case Summary**

Indiana Farm Bureau Insurance Company, as subrogee of Real Estate Technologies, LLC (RET), appeals the trial court's order granting summary judgment to Wood Shield, LLC. Because there is a genuine issue of material fact as to what risks the parties intended to include within the property-insurance provision of their lease, summary judgment was inappropriate. We therefore reverse the trial court's order and remand for further proceedings.

**Facts and Procedural History**

In a real-estate lease effective April 1, 2010, landlord Dean Graham, president of RET, leased an office space in Noblesville, Indiana, to tenant Adam Hayes, Managing Director of Wood Shield, a wood-staining business. The lease contained the following provision ("Property Insurance provision"):

> PROPERTY INSURANCE. Landlord and Tenant shall each be responsible to maintain appropriate insurance for their respective interests in the Premises and property located on the Premises. Landlord and Tenant shall not be liable for, and each hereby waives all claims against the other for any injuries, damages (including, but not limited to, consequential damages) or losses, of or to a person, property or otherwise, sustained by the Landlord and/or Tenant in connection with any of the risks required to be insured against under this Lease; provided, however, that this shall not waive Landlord's or Tenant's claims for contract damages resulting from a breach of this Lease.[1]

---

[1] In a deposition taken in October 2013, Graham stated that he had initially provided a boilerplate lease to Hayes containing the following provision:

> PROPERTY INSURANCE. Landlord and Tenant shall each be responsible to maintain appropriate insurance for their respective interests in the Premises and property located on the Premises.

Appellant's App. p. 64, 67. Graham testified that Hayes had requested that the Property Insurance provision be amended to include the language that ultimately appeared in the real-estate lease.

2

Appellant's App. p. 49. The lease also included a provision requiring Wood Shield to maintain liability insurance "in a total aggregate sum of at least $500,000." *Id.*

In July 2010 a fire occurred in the area of the property occupied by Wood Shield, resulting in $295,976.04 in property damage. *Id.* at 56. Farm Bureau tendered insurance proceeds in this amount to RET and thereafter—as subrogee of RET—filed a complaint against Wood Shield seeking damages. Wood Shield filed a motion for summary judgment, arguing that the Property Insurance provision of the lease constituted a "mutually agreed upon waiver of subrogation clause" precluding Farm Bureau's recovery from Wood Shield. *See id.* at 237. The trial court denied Wood Shield's motion, stating, "The lease is ambiguous and extrinsic evidence is needed to determine whether the parties agreed that R[ET] had the responsibility to insure against damage due to fire." *Id.* at 195.

In November 2013 Wood Shield filed a second motion for summary judgment, designating evidence in support of its motion. Specifically, Wood Shield designated testimony from Graham's October 2013 deposition, in which Graham "acknowledged that RET purchased fire insurance for the subject building because it was the 'appropriate' thing to do from a business standpoint." *Id.* at 92, 122. The trial court granted Wood Shield's second motion for summary judgment, writing as follows:

> Mr. Graham's testimony clearly indicates that fire coverage is appropriate insurance for a landlord to carry, as contemplated by the plain language of the Lease. The Court finds fire coverage to be appropriate insurance that must be maintained by the Landlord pursuant to the terms of the [L]ease. Because fire coverage is appropriate for the Landlord to carry, it is therefore also a 'risk required to be insured against' by the Landlord under the Lease. The terms of the contract therefore bar RET from pursuing subrogation against [Wood Shield] for damage caused by fire, a risk which RET was required to insure against.

*Id*. at 9. Farm Bureau now appeals.

## Discussion and Decision

Wood Shield contends that the trial court properly awarded summary judgment in its favor because in Graham's October 2013 deposition, Graham testified that insurance for fire damage was "appropriate" for his company to purchase; this evidence, according to Wood Shield, "provided the trial court with the evidence it needed to correctly conclude that the parties agreed that R[ET] did have the responsibility to insure against damage due to fire." Appellee's Br. p. 7. We disagree.

On appeal, we review the grant of summary judgment de novo, applying the same standard as the trial court: "Drawing all reasonable inferences in favor of . . . the non-moving parties, summary judgment is appropriate 'if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Williams v. Tharp*, 914 N.E.2d 756, 761 (Ind. 2009) (quoting Ind. Trial Rule 56(C)). A fact is "material" if its resolution would affect the outcome of the case, and an issue is "genuine" if a trier of fact is required to resolve the parties' differing accounts of the truth, or if the undisputed material facts support conflicting reasonable inferences. *Id*. (internal citations omitted). In determining whether there is a genuine issue of material fact precluding summary judgment, all doubts must be resolved against the moving party and the facts set forth by the party opposing the motion must be accepted as true. *Hyperbaric Oxygen Therapy Sys., Inc. v. St. Joseph Med. Ctr. of Ft. Wayne, Inc.*, 683 N.E.2d 243, 247 (Ind. Ct. App. 1997), *trans. denied*.

In support of its second motion for summary judgment and on appeal, Wood Shield designates as evidence the following excerpts from Graham's October 2013 deposition:

Q: . . . [RET] owns a building, you're a member of that LLC?

A: Right.

Q: There's been a business decision made, obviously, to purchase insurance --

A: Right.

Q: -- for that building. I can only assume that [RET] deems it appropriate to purchase fire insurance for the building, correct?

A: That's correct.

Appellant's App. p. 121-22.

Q: Sir, you own a business, you're a member of an LLC that owns property. In your opinion, is it appropriate for a business owner to purchase fire insurance for a property that the business owns?

A: Yes.

*Id*. at 122. This, according to Wood Shield, "provided the trial court with the evidence it needed to correctly conclude that the parties agreed that [RET] did have the responsibility to insure against damage due to fire." Appellant's Br. p. 7.

Farm Bureau argues, however, that the issue is not whether Graham subjectively felt that it was "appropriate" for a commercial landlord to insure his property against the risk of fire, or whether he did in fact purchase such insurance; the issue, instead, is whether both parties intended for fire to be a risk required to be insured against under the lease. *See id*. at 17. In support of its claim that the parties never actually agreed that RET was required under the lease to insure against the risk of fire, Farm Bureau submits evidence from

5

Graham's deposition and a March 2013 affidavit. Specifically, Farm Bureau offers the following deposition testimony:

> Q: . . . Pursuant to this lease we're looking at here, R[ET], you've already testified, was responsible for electricity, gas and heating and cooling?
>
> A: As part of this lease, is that --
>
> Q: Yeah.
>
> A: Yes, yes.
>
> Q: Now, that being the case, it makes sense, does it not, that R[ET] would carry fire insurance for the building?
>
> A: No.
>
> Q: Okay, and why does that not make sense?
>
> A: Again, I guess I can't see in my head how it does. I guess I don't know. I don't know why it is I would provide fire insurance to someone else. This is specifically tied to a tenant. Everything in this document is tied to a tenant. This is telling you what I will provide to a tenant. And fire insurance is not what I'm giving them.

Appellant's App. p. 63 (objection omitted).

> Q: And, again, it would probably make sense for the landlord being responsible for the electricity and heating and so forth to maintain fire insurance; correct?
> . . .
> A: Well, specifically it does not say that I'm providing insurance here. I never thought for one second that they -- that I would provide insurance as part of the lease.

*Id*. at 122 (objection omitted).

Farm Bureau also submits as evidence the following excerpt from Graham's affidavit:

> [10.] At no time during negotiations of the Lease Agreement did I, on behalf of R[ET], agree to assume the duty to procure property insurance insuring

the Property against the risk of fire caused by the acts and omissions of Wood Shield.

[11.] The risk of fire loss was not a risk [] Hayes and I required R[ET] to be insured against pursuant to the terms of the Lease Agreement.

*Id*. at 56.

In light of Graham's deposition and affidavit testimony, it cannot be said that the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See Williams*, 914 N.E.2d at 761. Specifically, there is a dispute as to which risks the parties intended to include within the "risks required to be insured against under th[e] [l]ease." Appellant's App. p. 49. Given this dispute, summary judgment was inappropriate, and we reverse.[2]

Reversed and remanded.

FRIEDLANDER, J., and MAY, J., concur.

---

[2] Because we find the conflicting evidence regarding the parties' intent sufficient to defeat a motion for summary judgment, we do not need to reach the question of whether Farm Bureau, under the terms of the agreement, waived its right to file a claim against Wood Shield for damages sustained in connection with any risks required to be insured against.